**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST AMERICAN COMMERCIAL BANCORP, INC., | ) | Case No. 26-11898 |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: $130,423.85, plus prejudgment interest, attorneys' fees and costs |
| TEJINDER MEHTA, | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff FIRST AMERICAN COMMERCIAL BANCORP, INC. ("First American"), by and through counsel, and for its Complaint against Defendant TEJINDER MEHTA ("Mehta"), states as follows:

## PARTIES

1. First American is an Illinois corporation with its principal place of business located at 211 High Point Drive, Victor, NY 14564.

2. Mehta is a citizen of the State of California, who maintains his domicile at 5919 E. Byrd Avenue Fresno, CA 92727.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Personal jurisdiction is proper in this Court, because Mehta consented to jurisdiction in this he state and federal courts of Cook County, Illinois. Illinois is the parties'

contractual choice of forum. The subject guaranty, executed by Mehta in favor of First American, specifically provides as follows:

> Guarantor hereby irrevocably submits itself to jurisdiction in the Courts of the State of Illinois and the United States District Court located in Cook County, Illinois with respect to any matter, suit or proceeding arising out of this Guaranty or the transactions contemplated hereby.

*See* Exhibit 2, ¶ 8.2.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3), because the Defendant contractually agreed to be sued in Illinois and waived any objection relating or arising out of the parties' selected venue, thereby subjecting the Defendant to this Court's personal jurisdiction. *See Id.*

## BACKGROUND

6. On September 19, 2024, First American, as lender, and non-party Intrade Industries Inc. ("Intrade"), as borrower, entered into Master Loan and Security Agreement No. xxxx0618 (the "Master Agreement"), which contemplates that First American and Intrade shall enter into certain equipment loans reflected by individual term notes (each term note incorporating the terms of the Master Agreement, and each schedule becoming a separate equipment loan). *See* Exhibit 1, ¶ 1, attached hereto.

7. To induce First American to enter into the Master Agreement and subsequent schedules, Mehta personally guaranteed to First American the prompt payment and/or performance of all indebtedness, obligations and liabilities of Intrade at any time owing to First American (including, without limitation, under the Master Agreement and subsequent schedules) pursuant to a certain Personal Guaranty dated on or about September 19, 2024 (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit 2.

**Term Note No. 01**

8. On September 20, 2024, First American, as lender, and Intrade, as borrower, entered into Term Note No. 01 (the "Term Note") for the financing of certain equipment as more specifically set forth therein (the "Equipment") in which Intrade agreed to make sixty (60) consecutive monthly payments of $3,922.73, plus applicable taxes. A true and correct copy of the Term Note is attached hereto as Exhibit 1, pp. 6-9.

9. The Term Note fully incorporates the terms of Master Agreement. The Master Agreement and Term Note shall collectively be referred to as the "Agreement". *See* Exhibit 1, p. 6.

10. Intrade granted First American a security interest in the equipment. *Id.* ¶ 2. The Equipment has since been repossessed and sold, with the proceeds credited to Intrade's and Mehta's account.

11. Intrade defaulted under the Agreement by failing to make timely payments pursuant to the Agreement.

12. Mehta defaulted under the Guaranty by failing to make timely payments pursuant to the Guaranty.

13. The failure to make timely payments constitutes a default pursuant to the Agreement and Guaranty. *See* Exhibit 1, p. 1, ¶ 6; Exhibit 2, p. 2, ¶ 7.

14. As a result of the default under the Agreement and Guaranty, First American is entitled to declare all unpaid sums due immediately due and payable, plus all future payments discounted to present value, plus late fees, prejudgment interest at the rate of one and one-half percent (1.5%) per month, continuing to accrue until judgment is entered, plus attorneys' fees and costs pursuant. *See* Exhibit 1, ¶ 7.

15. As a proximate result of Mehta's default under the Guaranty, First American suffered actual damages of $130,423.85, plus prejudgment interest, and attorney's fees and costs.

16. First American performed all of its obligations under the terms of the Agreement and Guaranty.

**COUNT I - BREACH OF GUARANTY AGAINST TEJINDER MEHTA**

17. First American realleges and reasserts Paragraphs 1 through 16 of its Complaint as though fully set forth herein.

18. Mehta defaulted under the Guaranty by failing to make payments when due.

19. Due to Mehta's default under the Guaranty, Mehta is indebted to First American in the amount of $130,423.85, plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, FIRST AMERICAN COMMERCIAL BANCORP, INC. respectfully requests that the Court enter judgment in its favor and against TEJINDER MEHTA in the amount of $130,423.85, plus prejudgment interest at the rate of one and one-half percent (1.5%) per month, and attorneys' fees and costs, and grant all other and further relief which this Court deems just.

FIRST AMERICAN COMMERCIAL BANCORP, INC.

By: /s/ D. Alexander Darcy

D. Alexander Darcy (ARDC#: 6220515)
Michael Currie (ARDC#: 6348834)
Darcy & Devassy PC
444 N. Michigan Ave., Suite 3270
Chicago, IL 60611
(312) 784-2400 (t)
(312) 784-2410 (f)
adarcy@darcydevassy.com
mcurrie@darcydevassy.com